IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DUSTIN S. TARR                          *

      Plaintiff                    *

      vs.                          *    CIVIL ACTION NO. MJG-01-3029

LANKFORD-SYSCO FOOD SERVICES,           *
LLC
      Defendant                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion for Leave to File Second Amended Complaint and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

The case was filed by Plaintiff *pro se* in the Eastern District of Virginia on July 11, 2001. The case was transferred to this District on October 12, 2001. On October 25, 2001 the Scheduling Order was issued, setting a deadline of December 10, 2001 for the amendment of pleadings. On November 8, 2001 the Court granted Plaintiff's timely motion, filed by counsel, and permitted the filing of the First Amended Complaint. The instant motion, seeking leave to file a Second Amended Complaint, was filed on March 13, 2002, some 3 months beyond the deadline for amending pleadings.

The proffered modifications to the First Amended Complaint are modest. Essentially, Plaintiff seeks to "clarify" that his allegation that he was disabled included, within it, an

allegation that he was perceived as disabled. Furthermore, Plaintiff seeks to add the factual allegation that in a formal interview he was asked about "a back condition which resulted in Plaintiff having a cyst removed."

If, as Plaintiff contends, the allegation that he was "disabled," includes within it the allegation that he was "perceived as disabled," the amendment does not add a new claim but is not necessary. If, on the other hand, the addition of an express allegation of amendment was necessary, the amendment would add a new claim to the case. There has been no showing of a justification for permitting the Plaintiff to add claims to the case three months late. The amendment will not be permitted but Plaintiff can argue that the First Amended Complaint includes allegations that he was perceived as disabled.

The amendment to the factual statement will not be allowed. Certainly, the Plaintiff, who was present at his own formal interview knew what was said to him at the time the First Amended Complaint was filed. If, as suggested by Plaintiff, the addition adds no new cause of action, then it is unnecessary. On the other hand if, by the addition, there is added a new cause of action with regard to a second type of disability, the late amendment will not be permitted.

Finally, the Court notes the filing of a sanctions motion by Defendant under Rule 11 of the Federal Rules of Civil Procedure.

2

Of course, Plaintiff and Plaintiffs' counsel need not respond to the motion until Ordered to do so. Rule 105.8.b, Rules of the United States District Court for the District of Maryland. The Court will not now Order a response to the motion but will await the Defendant's anticipated motion for summary judgment and a resolution of that motion.

For the foregoing reasons:

1. Plaintiff's Motion for Leave to File Second Amended Complaint is DENIED.

2. The case shall proceed pursuant to existing scheduling.

SO ORDERED this 15th day of May, 2002.

                                          Marvin J. Garbis
                                   United States District Judge