**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

DUSTIN S. TARR,          )
                             )
        Plaintiff,      )
                             )     C.A. No. MJG-01-3029
      v.                )
                             )
LANKFORD-SYSCO FOOD     )
  SERVICES, LLC,       )
                             )
        Defendant.    )

## DEFENDANT'S BILL OF COSTS

Pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 109.1, Defendant Lankford-SYSCO Food Services, LLC, through undersigned counsel, Semmes, Bowen & Semmes, P.C., hereby respectfully requests that the Court enter judgment against Plaintiff Dustin Tarr  in its favor in the amount of **$4,766.16** to reimburse Defendant for the costs of deposition transcripts and photocopying which it reasonably and necessarily incurred and which are taxable as of course against Plaintiff.

Specifically, Defendant seeks reimbursement from Plaintiff for the costs of the following depositions itemized by deponent, date and cost of transcript:

| DEPONENT | DATE | COST |
|---|---|---|
| C. Thomas Kellam | 04/09/02 | $ 148.00 |
| Tobey McNeece | 02/08/02 | $ 475.00 |
| Tobey McNeece (Exhibits) | 02/08/02 | $ 253.28 |
| Rebecca Shumaker | 04/09/02 | $ 397.50 |
| Dustin Tarr | 03/12/02 | $1,915.69 |
| Tammy Tarr | 04/04/02 | $ 548.11 |
| William Tarr | 04/04/02 | $ 74.10 |
| **Total Deposition Costs** | | **$3,811.68** |

The invoices for the foregoing depositions are attached as Exhibit A.  Additionally, Defendant seeks the costs of copying documents that were ordered to be produced to Plaintiff under extreme time pressures by virtue of an Order compelling discovery issued by Magistrate Judge Gesner in the amount of **$954.48**.   The invoice for the foregoing copying charges is attached as Exhibit B. Pursuant to Local Rule 109.1.b, Defendants' Memorandum and Counsel's Affidavit in Support of Defendants' Bill of Costs are attached hereto.

WHEREFORE, Defendants respectfully request that the Court grant Defendants' Bill of Costs and enter the proposed Order submitted herewith.

Respectfully Submitted,

s/
Jonathan R. Topazian
MD Fed. Bar No. 23761
Semmes, Bowen & Semmes, P.C.
1001 Connecticut Ave., N.W.
Suite 1100
Washington, D.C.  20036
(202) 822-8250
Counsel for Defendant
Lankford-SYSCO Food Services, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| DUSTIN S. TARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. MJG-01-3029 |
| v. | ) | |
| | ) | |
| LANKFORD-SYSCO FOOD | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S BILL OF COSTS**

Defendant  is entitled to have the costs of this action taxed against Plaintiff "as of course" because they are "the prevailing party pursuant to Fed. R. Civ. P. 54(d)(1)."   Indeed, the Court's Order dated March 5, 2003 granting Defendant's Motion for Summary Judgment expressly specified that the judgment was with costs.  Here, Defendant seeks the costs of 4 deposition transcripts upon which Defendant relied in moving for summary judgment (Kellam, McNeece, Shumaker and Dustin Tarr), as well as two deposition transcripts of Plaintiff's witnesses who had knowledge of, among other things, the alleged existence and severity of Plaintiff's emotional distress.  The costs of the foregoing deposition transcripts are itemized in Defendant's Bill of Costs.

28 U.S.C. § 1920 specifies the costs which may be taxed in favor of the prevailing party, and expressly includes "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  See also LaVay Corp. v. Dominion Fed. Sav. & Loan, 830 F.2d 522, 528 (4th Cir. 1987), cert. denied, 484 U.S. 1065 (1988).  In LaVay, the Fourth Circuit held that the costs of deposition are taxable "when the taking of the deposition is reasonably necessary at the time of its taking."  Id.

All six of the depositions were reasonably necessary at the time of taking them, and, indeed, Plaintiff's Counsel took three of the depositions (Kellam, McNeece, Shumaker). Mr. Kellam and Mss. McNeece and Shumaker are employees of the Defendant and were the three witnesses involved in the decision not to hire Plaintiff, the event which Plaintiff contended was discriminatory in this case. Each of these deposition transcripts was extensively relied upon by Defendant (and presumably the Court) in summary judgment proceedings. It goes without saying that the deposition of Plaintiff DustinTarr was reasonably necessary at the time of its taking, and his deposition transcript was relied upon Defendant (and presumably the Court) in summary judgment proceedings. The depositions of Tammy and William Tarr (Plaintiff's parents) were also reasonably necessary at the time of their taking, as these were the primary witnesses Plaintiff identified in discovery relative to his claim for alleged emotional distress damages. Accordingly, the full cost of these deposition transcripts as itemized in the Bill of Costs and supported by the attached Affidavit of Counsel (and invoices attached thereto ) in the amount of **$3,811.68** should be taxed against Plaintiff in favor of Defendant.

Additionally, Defendant seeks the costs of reproducing for Plaintiff several thousand pages of documents that Counsel for Plaintiff inspected and forced Defendant to copy in response to Magistrate Judge Gesner's Order compelling discovery. Photocopying expenses are taxable under 28 U.S.C. §1920(4) to the extent that the copies were used as court exhibits or were furnished to the court or opposing counsel during the course of the litigation. Board of Directors, Water's Edgby Aden Group, 135 F.R.D. 129, 138 (E.D. Va. 1991). See also State of Illinois v. Sangomo Construction Co., 657 F.2d 855, 867 (7th Cir. 1981) (costs of copying discovery documents tendered to opposing party are recoverable under 28 U.S.C. §1920(4)). Accordingly, the full cost of the

labeling (numbering) and photocopying of these documents as identified in the Bill of Costs and

supported by the attached Affidavit of Counsel (and invoice attached thereto) in the amount of

**$954.48** should be taxed against Plaintiff in favor of Defendant.


Respectfully Submitted,

s/_____
Jonathan R. Topazian
MD Fed. Bar No. 23761
Semmes, Bowen & Semmes, P.C.
1001 Connecticut Ave., N.W.
Suite 1100
Washington, D.C.  20036
(202) 822-8250
Counsel for Defendant
Lankford-SYSCO Food Services, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| DUSTIN S. TARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. MJG-01-3029 |
| v. | ) | |
| | ) | |
| LANKFORD-SYSCO FOOD | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**Affidavit Of Counsel**

I, Jonathan Topazian, hereby certify and attest:

1.  I am over 18 years of age, I am competent to testify, and I have personal knowledge of the facts set forth herein.

2.  I am a Principal of Semmes, Bowen & Semmes, P.C. and a member of Semmes' labor and employment practice group.

3.  I served as counsel for the Defendants in the above-referenced civil action, conducted all depositions and discovery in the action, and prepared the motion for summary judgment in the action.

4.  During the course of the action, Defendant incurred the costs of the following depositions that were reasonably necessary in the case itemized by deponent, date and cost of transcript:

| DEPONENT | DATE | COST |
|---|---|---|
| C. Thomas Kellam | 04/09/02 | $ 148.00 |
| Tobey McNeece | 02/08/02 | $ 475.00 |
| Tobey McNeece (Exhibits) | 02/08/02 | $ 253.28 |
| Rebecca Shumaker | 04/09/02 | $ 397.50 |

|               |          |            |
|---------------|----------|------------|
| Dustin Tarr   | 03/12/02 | $1,915.69  |
| Tammy Tarr    | 04/04/02 | $ 548.11   |
| William Tarr  | 04/04/02 | $  74.10   |

**Total Deposition Costs**                                        **$3,811.68**

Additionally, Defendant incurred the cost of copying documents that were ordered to be produced to Plaintiff under extreme time pressures by virtue of an Order compelling discovery issued by Magistrate Judge Gesner in the amount of **$954.48**.

5.   True and correct copies of the invoices issued by the Court Reporters relative to the above deposition transcripts and which were paid by Defendant are attached hereto as Exhibit A. A true and correct copy of the invoice for the foregoing copying charges which was paid by Defendant is attached as Exhibit B.

I solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the foregoing affidavit are true.


March 13, 1999                              s/
date                                            Jonathan Topazian

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| DUSTIN S. TARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. MJG-01-3029 |
| v. | ) | |
| | ) | |
| LANKFORD-SYSCO FOOD | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

<u>CERTIFICATE OF SERVICE</u>

I, Jonathan Topazian, hereby certify that on this 19th day of March 2003, I served a copy of the foregoing by first class mail on the following:

> Omar Melehy, Esq.
> Stephani Hillman, Esq.
> Zipin, Melehy & Driscoll
> 8630 Fenton Street, Suite 110
> Silver Spring, Maryland 20910

<u>s/                        </u>
Jonathan Topazian

(B0329680.WPD;1)